UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL D. MOOMEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-633 SNLJ |
|  | ) |  |
| JUDGE NEVORRO, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motions of plaintiff Michael Moomey, an inmate at St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $103.15. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the second amended complaint, the Court finds that the second amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly balance of $515.75. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $103.15, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Second Amended Complaint

Plaintiff, an inmate at St. Charles County Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff has named as defendants: Judge Nevorro; Unknown McKelvey; Timothy Lohmar; St. Charles Department of Corrections Medical Staff; and Captain Unknown. Plaintiff names defendants in their official capacities only.

Plaintiff claims that he has been incarcerated on two misdemeanors for six months and a "$40,000 bond" but never given a mental health evaluation even though he has a history of mental health needs. Plaintiff additionally asserts that his bond is too high for two misdemeanors.

Next, plaintiff claims that there was a nine-day period where he was not given his AIDS medication. However, plaintiff does not state exactly who failed to provide him with the AIDS medication, or exactly who he asked for the medication. Plaintiff asserts that he was told by someone on the medical staff that they were waiting to get the medication to provide it to him, and that they did testing on his blood to see if there was a change in his immunodeficiency levels but found no change. Again, plaintiff has failed to name the individual who told him they were unable to get the medication, and he has failed to name the individuals involved in checking his blood levels.

Last, plaintiff complains that he is being charged for medical care and medicine during his incarceration, and he is not receiving his social security checks while he is incarcerated. He claims that as a result of his incarceration, he has lost his house and the "respect of his children."

Plaintiff seeks monetary damages in this action.

## Discussion

The Court takes judicial notice that plaintiff is currently being held in Missouri State Court on charges for felony domestic assault in the first degree and felony armed criminal action. *See State v. Moomey*, No. 1711-CR02906-01 (11th Judicial Circuit, St. Charles County).

The Honorable Rebeca Navarro-McKelvey, Associate Circuit Court, presided over the arraignment and plaintiff's pretrial hearings, including the setting of plaintiff's bond, until an indictment was returned on January 5, 2018, and after that time, the case was transferred to the Circuit Court, under the auspices of the Honorable Judge Jon A. Cunningham. Plaintiff's bond is currently set at $300,000.

Plaintiff has not stated in his complaint why he is suing "Judge Nevorro and Unknown McKelvey" although they appear to be the same individual – Judge Rebeca Navarro-McKelvey. To the extent he is suing Judge Rebeca Navarro-McKelvey because he believes his bond is excessive, he is seeking damages for wrongs Judge Navarro-McKelvey allegedly committed in the course of her judicial duties. These claims are subject to dismissal because judges are absolutely immune from such suit. *Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (*citing Pierson v. Ray*, 386 U.S. 547 (1967)).

Additionally, plaintiff has not made any specific claims against Timothy Lohmar, Captain Unknown or the St. Charles DOC Medical Staff. In order to state a claim against an individual or entity pursuant to 42 U.S.C. § 1983, a plaintiff must allege a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir.

1995) (respondeat superior theory inapplicable in § 1983 suits). In this action, plaintiff has not identified Mr. Lohmar or Captain Unknown or what these individuals did to purportedly violate his rights.

Furthermore, although plaintiff states that the "unnamed" medical staff, presumably at the St. Charles County Correctional Facility, failed to provide him with his AIDS medication for nine days, he has not provided the Court with the names of the specific individuals who denied him with the medication, nor has he stated how the loss of that medication resulted in a deliberate indifference to his health or safety. *See Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir.1995). Plaintiff, himself, states that the medical staff was closely monitoring his medical condition for the nine days it took them to receive his medicine after the staff ordered it, and he states that he was told "his [immunodeficiency] numbers" were undetectable during the three times blood was taken to monitor his condition.[1] Moreover, as plaintiff is suing the Department of Corrections at St. Charles, his claim must fail because he has not stated that they violated his rights according to an official policy or custom. *See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 690-91 (1978).*

Last, plaintiff complains that he is not receiving his social security payments while in St. Charles County Corrections, and he has to pay for his medicine and doctor visits during his incarceration.

Plaintiff does not specify as to whether he is getting Social Security Disability Insurance or Supplemental Security Income payments, but generally both payments are not payable for the

---

[1] Although plaintiff claims he suffered from "some mouth sores" and "night sweats" during the nine days, in order to state an 8th Amendment claim his injury must be greater than de minimis. *See Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008).

months that inmates are confined to a jail, prison, or public institutions **for committing a crime.**[2] *See, e.g.,* 20 C.F.R. § 404.468 (no benefits will be paid to individual confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony); *Davis v. Bowen*, 825 F.2d 799 (4th Cir.1987)(suspension of benefits for incarcerated felons does not violate an inmate's due process or equal protection rights); *Peeler v. Heckler*, 781 F.2d 649 (8th Cir.1986) (suspension of disability benefits to incarcerated felons does not constitute "punishment" such that the ex post facto clause is violated); *Langella v. Government of U.S.*, 6 Fed. Appx. 116, 2001 WL 431509 (2nd Cir.2001) (suspension of social security benefits during incarceration does not violate either due process or equal protection); *Wiley v. Bowen*, 824 F.2d 1120 (D.C.Cir.1987) (suspension of recipient's retirement payments pursuant to amendment prohibiting incarcerated felons from receiving benefits was not punishment, and thus, was not ex post facto law). The Court is unsure if plaintiff is a pretrial detainee or if he was convicted of a crime prior to the one for which he is currently being held.

Additionally, the Court is mindful that there are many variables with respect to plaintiff's claim relating to the type of social security benefits plaintiff may have or what type of correspondence plaintiff may have received and sent to the Social Security Administration (exhaustion of his remedies). Furthermore, plaintiff has not stated that a third party is taking his social security benefits for some unconstitutional purpose. Thus, at this time, the Court finds that plaintiff has failed to state a claim with respect to his assertions that he is simply not receiving his social security benefits while he is incarcerated.

The Court additionally finds that plaintiff's assertions that he is unlawfully being charged for medicine and doctor visits fails to state a claim upon which relief may be granted. "Qualified

---

[2]If plaintiff has not been convicted yet but has been serving time in jail more than thirty (30) days, his benefits may also have been interrupted until his conviction or until he has been released from jail. See the No Social Security Benefits for Prisons Act of 2009. Plaintiff should contact the Social Security Administration to determine the current status of his benefits.

immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Prisoners do not have a clearly established federal right to receive free medical care. *See, e.g., Reynolds v. Wagner,* 128 F.3d 166, 174 (3d Cir. 1997) ("Although the Supreme Court has held that a state must provide inmates with basic medical care, the Court has not tackled the question whether that care must be provided free of charge."); *Fant v. Fisher*, 414 F. Supp. 807, 808 (D. Okl. 1976) ("The court cannot accept plaintiff's claim that he is absolutely entitled to free medical services. So long as free medical services may not be demanded of the State as a right by its free citizens, it is unreasonable to suggest that such free services may be demanded by a convicted felon. Persons convicted of felonies do not acquire by virtue of their convictions a constitutional right to services and benefits that are not available as of right to persons never convicted of criminal offenses."). As a result, even if plaintiff's allegations were to have stated a claim under the constitution, defendants would be entitled to qualified immunity.

In light of the aforementioned, plaintiff's second amended complaint will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #6 and 8] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $103.15 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #5 and #10] are **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE